Gregory M. Fox, State Bar No. 070876
Joanne Tran, State Bar No. 294402
BERTRAND, FOX, ELLIOT, OSMAN & WENZEL
The Waterfront Building
2749 Hyde Street
San Francisco, California 94109
Telephone:     (415) 353-0999
Facsimile:     (415) 353-0990
Email:         gfox@bfesf.com
               jtran@bfesf.com

Attorneys for Defendant
DENNIS MALLY
(erroneously named as DANNY MALLY)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HENRY LEE,<br><br>    Plaintiff,<br><br>v.<br><br>DANNY MALLY, DETECTIVE JOHNSON, and DOES 1 through 100<br><br>    Defendants. | Case No. 4:18-cv-02109-JSW<br><br>**DEFENDANT DENNIS MALLY'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT**<br>**[FRCP Rule 56]**<br><br><br>**Hon. Jeffrey S. White** |

1

# **TABLE OF CONTENTS**

NOTICE ........................................................................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................1

I. SUMMARY OF ARGUMENT AND STATEMENT OF ISSUES TO BE DECIDED .................1

II. STATEMENT OF FACTS ........................................................................................................1

III. ARGUMENT .............................................................................................................................4

    A. Summary Judgment Is Proper In This Case ...................................................................4

    B. Plaintiff's Action Is Time Barred ....................................................................................4

IV. CONCLUSION .........................................................................................................................8

i

DEFENDANT DENNIS MALLY'S MOTION FOR SUMMARY JUDGMENT (FRCP RULE 56)
*Lee v. Mally, et al.* U.S.D.C. Northern District Case No. 4:18-cv-02109-JSW

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Marin*,
  2012 WL 6697781 (E.D. Cal. 2012)..................................................................................4

*Azer v. Connell,*
  306 F.3d 930 (9th Cir. 2002) ............................................................................................5

*Barnes v. Ind. Auto. Dealers,*
  64 F.3d 1389 (9th Cir.1995) .............................................................................................4

*Beard v. Banks,*
  548 U.S. 521 (2006)..........................................................................................................4

*Bias v. Moynihan,*
  508 F.3d 1212 (9th Cir. 2007) ..........................................................................................4

*Butler v. Nat'l Cmty. Renaissance of California*,
  766 F.3d 1191 (9th Cir. 2014) ..........................................................................................5

*Calloway v. Rangel,*
  626 Fed.Appx. 729 (9th Cir. 2015)...................................................................................7

*Carmen v. San Francisco Unified Sch. Dist.,*
  237 F.3d 1026 (9th Cir. 2001) ..........................................................................................4

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1996)..........................................................................................................4

*Corales v. Bennett,*
  567 F.3d 554 (9th Cir. 2009) ............................................................................................4

*Devereaux v. Abbey*,
  263 F.3d 1070 (9th Cir. 2001) ..........................................................................................4

*Fink v. Shedler,*
  192 F.3d 911 (9th Cir. 1999) ............................................................................................7

*Flowers v. Alameda Cnty. Sheriff's Deputy Bixby,* Case No. 12-cv-03181-YGR (PR),
  2015 WL 1393582 (N.D. Cal. 2015) ................................................................................7

*Guerrero v. Gates,*
  442 F.3d 697 (9th Cir. 2006) .......................................................................................7, 8

*Harding v. Galceran,*
  889 F.2d 906 (9th Cir. 1989) ............................................................................................5

*Hill v. City of L.A.,*
  2009 WL 2601250 (C.D. Cal. Aug. 21, 2009)..................................................................6

*Jones v. R.R. Donnelley & Sons Co.*,
  541 U.S. 369 (2004)..........................................................................................................5

ii

DEFENDANT DENNIS MALLY'S MOTION FOR SUMMARY JUDGMENT (FRCP RULE 56)
*Lee v. Mally, et al.* U.S.D.C. Northern District Case No. 4:18-cv-02109-JSW

*Kleinhammer v. City of Paso Robles,*
   385 Fed. Appx. 642 (9th Cir. 2010)..................................................................................8

*McDonald v. Antelope Valley Cmty. Coll. Dist.,*
   45 Cal.4th 88 (2008) .........................................................................................................7

*Mimms v. Lewis,*
   Case No. cv-12-10769 DMG(JC), 2016 WL 5329625 (C.D. Cal 2016) ......................7, 8

*Pagtalunan v. Galaza,*
   291 F.3d 639 (9th Cir. 2002) ............................................................................................8

*S. Cal. Gas Co. v. City of Santa Ana,*
   336 F.3d 885 (9th Cir. 2003) ............................................................................................4

*Sandoval v. Chino State Prison,*
   626 F3d.Appx. 727 (9th Cir. 2015)...................................................................................8

*Soremekun v. Thrifty Payless, Inc.,*
   509 F.3d 978 (9th Cir. 2007) ............................................................................................4

*Sterling v City of Antioch,*
   2013 WL 2949613 (N.D. Cal. 2013) ................................................................................6

*Surrell v. California Water Serv. Co.,*
   518 F.3d 1097 (9th Cir. 2008) ..........................................................................................4

*Torres v. City of Santa Ana,*
   108 F.3d 224 (9th Cir. 1997) .......................................................................................5, 6

*Wallace v. Kato,*
   127 S.Ct. 384 (2007).........................................................................................................8

*Wilson v. Garcia,*
   471 U.S. 261 (1985)..........................................................................................................5

**Statutes**

California Code of Civil Procedure Section 335.1 ....................................................................5

California Code of Civil Procedure Section 352.1 ....................................................................6

California Government Code Section 945.3...........................................................................5, 6

Federal Rules of Civil Procedure Rule 56(e)..............................................................................4

iii

DEFENDANT DENNIS MALLY'S MOTION FOR SUMMARY JUDGMENT (FRCP RULE 56)
*Lee v. Mally, et al.* U.S.D.C. Northern District Case No. 4:18-cv-02109-JSW

# NOTICE

TO PLAINTIFF JOHN HENRY LEE IN PRO SE:

PLEASE TAKE NOTICE that Defendant San Leandro Police Department Officer DENNIS MALLY will and hereby does move this Court for an Order granting summary judgment in favor of Defendant and against Plaintiff JOHN HENRY LEE. Pursuant to No. 3(d) of the Order of Service in Docket No. 9, "No hearing will be held on the motion unless the court so orders at a later date." This motion is brought pursuant to Federal Rules of Civil Procedure, Rule 56, as set forth more fully in the Memorandum of Points and Authorities below, on the grounds that summary judgment is appropriate because the uncontroverted evidence establishes that plaintiff's action is untimely and barred by the statute of limitations. This motion is based on this notice, the memorandum of points and authorities, the supporting declaration and evidence, the papers and pleadings on file herein, and on such oral and documentary evidence as may be adduced at the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   SUMMARY OF ARGUMENT AND STATEMENT OF ISSUES TO BE DECIDED

Plaintiff JOHN HENRY LEE brings this action against defendant Dennis Mally ("Mally") arising out of an incident that occurred on January 16, 2014, in which he claims he was bitten by police K-9 Rohan after plaintiff fled from a crime scene and proceeded to run away after crashing the stolen car he was driving. On January 23, 2015, plaintiff pled no contest to charges of violation of Penal Code 211, robbery, and violation of Penal Code 12022.53, use a firearm in the commission of the robbery/felony. Plaintiff was sentenced to prison for 12 years on January 23, 2015.

On April 6, 2018, plaintiff filed the instant action against Mally for injuries allegedly sustained in the incident on January 16, 2014. The complaint is untimely and barred by the statute of limitations. Summary judgment, therefore, should be granted in favor of Mally and against plaintiff.

### II.   STATEMENT OF FACTS

On January 15, 2014, at approximately 10:20 a.m., victim Andy Choi was at the Fruitvale BART station in Oakland after parking his car at the lot. (See **Exhibit A** attached to the Declaration of Joanne Tran ("Tran Decl."), Transcript of Preliminary Hearing re *People v. John Henry Lee*, Alameda Superior Court Case No. 593225 ("Transcript"), at 2:7-22.) Mr. Choi was walking towards the stairs in the lot

1

1  when a white Honda Accord drove up. Plaintiff Lee exited the car wearing a dark colored hooded
2  sweatshirt, pointed a gun at Mr. Choi and demanded Mr. Choi give him his belongings. (Transcript, 3:11-
3  5:21, 16:3-10.) After Mr. Choi gave plaintiff all his belongings, another car drove in the area and Mr.
4  Choi ran away to report the incident to BART police. (Transcript, 6:5-7:3.) (Mr. Choi positively
5  identified plaintiff as the perpetrator the following day. (Transcript, 7:4-8:24).)

6  On January 16, 2014, defendant City of San Leandro Police Officer Mally was on routine patrol
7  with his K-9 partner Rohan. Mally was dressed in his full uniform and driving a marked patrol car.
8  (Transcript, 83:19-28, 84:10-85:5.) Mally's shift had started on January 15, 2014, and at the start of his
9  shift Mally had seen a flier from BART police advising them about the white Honda Accord and the
10 robbery of Mr. Choi earlier in the day. (Transcript, 85:24-86:10, 114:15-23.) At approximately 12:13
11 a.m., Mally heard another officer broadcast that he was in the area trying to stop a white Honda Accord
12 that was fleeing from him, and Mally drove towards the area and began to look for the car. (Transcript,
13 85:6-23, 86:14-16.)

14 Mally saw the white Honda Accord coming towards him at a high rate of speed, and he saw two
15 or three marked San Leandro police cars pursuing the car with their lights and sirens activated.
16 (Transcript, 86:17-87:20, 118:22-28.) The Honda passed Mally and Mally saw an African American
17 male wearing a dark colored sweatshirt (Transcript, 87:21-88:4.) Mally made a U-turn, activated his
18 lights and sirens and pursued the Honda. (Transcript, 88:8-14.) Plaintiff continued to flee, and Mally
19 followed the car from a distance of 100-150 feet behind through residential neighborhoods throughout
20 San Leandro and back towards Oakland, sometimes reaching speeds of 90 miles per hour. (Transcript,
21 90:7-93:1.) Other San Leandro patrol vehicles followed behind Mally. (Transcript, 93:2-6.)

22 The car plaintiff was driving eventually fishtailed, struck the median cyclone fence, struck a tree
23 and then rolled over approximately five times, finally stopping upside down on the roof. (Transcript,
24 95:12-96:9.) Mally stopped his patrol vehicle approximately 25 feet away with the front end of his car
25 pointed at the driver's side door of plaintiff's vehicle. (Transcript, 96:10-15, 140:26-141:9.) Mally exited
26 his car and saw plaintiff moving around inside the Honda. (Transcript, 96:16-24.) Mally remotely opened
27 the passenger door of his patrol vehicle and called his K-9 to his side as he walked around the trunk side
28 of the car to the passenger side. (Transcript, 143:1-13.)

2
DEFENDANT DENNIS MALLY'S MOTION FOR SUMMARY JUDGMENT (FRCP RULE 56)
*Lee v. Mally, et al.* U.S.D.C. Northern District Case No. 4:18-cv-02109-JSW

As Mally walked towards the car and saw plaintiff was moving around inside, he saw plaintiff crawl out of the passenger side window and start running away. (Transcript, 96:28-97:12, 141:25-142:8.) Mally yelled at plaintiff to stop, but plaintiff kept running. Mally again yelled for plaintiff to stop or he would send the dog, but plaintiff did not stop. (Transcript, 97:13-28, 99:7-9, 142:22-26.) Mally commanded the K-9 to apprehend plaintiff and the dog ran after plaintiff, with Mally and another officer following behind. (Transcript, 98:1-99:3.) As plaintiff started to climb up a cyclone fence, the K-9 bit plaintiff's right arm and forced him off the fence. (Transcript, 99:10-100:1.) Plaintiff started using a closed fist to punch the dog in the face, but the dog continued to hold him. (Transcript, 100:2-15.) Mally and another officer caught up to plaintiff and tried to gain control of his arms or legs, but plaintiff violently resisted by kicking and punching at the officers. (Transcript, 100:16-101:4.)

Plaintiff kicked at the dog, and the dog then bit plaintiff's right thigh. (Transcript, 101:2-8, 102:27-103:3.) The officers managed to gain control of plaintiff's arms and handcuffed him, and Mally immediately ordered the K-9 to release plaintiff, which it did. (Transcript, 103:15-26.) The K-9 was taken back to the patrol car, inspected for injuries and placed back in the car. (Transcript, 104:10-18.) When the Honda was rolled back onto its tires, officers recovered from the scene a black duffle bag with shaved keys typically used by auto thieves, a stolen payroll check, an ID, other items and a loaded .40 caliber handgun. (Transcript, 105:6-106:12, 128:1-6.)

On January 21, 2014, the District Attorney's Office filed a criminal complaint against plaintiff for robbery and use of a firearm in the commission of the robbery in violation of Penal Code Sections 211, 12022.5(a) and 12022.53 subsections (b) and (g). (See **Exhibit B** attached to Tran Decl., Criminal Complaint, *People v. John Henry Lee,* Alameda Superior Court Case No. 593225-0.) A first amended criminal complaint was filed on February 3, 2014, and the Information was filed on April 8, 2014.) (See **Exhibit C**, First Amended Criminal Complaint, and **Exhibit D**, Information.) The preliminary hearing on plaintiff's criminal prosecution began on March 25, 2014. (Transcript, 1:1-16.)

On January 23, 2015, plaintiff pled no contest to violation of Penal Code Sections 211 and 12022.53(b). Plaintiff was adjudged guilty as pled and sentenced on January 23, 2015. He was ordered to pay restitution and he was sentenced to 12 years in prison. (See **Exhibit E**, Transcript re Change of Plea and Report and Sentence, 2:1-3:15, 4:24-7:27.)

## III.   ARGUMENT

### A.   Summary Judgment Is Proper In This Case

"The party moving for summary judgment bears the initial burden of demonstrating the absence of a genuine issue of fact for trial. …When the nonmoving party has the burden of proof at trial, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case."" (*Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001).)  "Once the moving party carries its initial burden, the adverse party … must provide affidavits or other sources of evidence that 'set forth specific facts showing that there is a genuine issue for trial." (*Id.*, FRCP Rule 56(e), and *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-324 (1996).)  To avoid summary judgment, the opposing party is "required to present 'significant probative evidence tending to support' her allegations." (*Bias v. Moynihan,* 508 F.3d 1212, 1218 (9th Cir. 2007).)  If the moving party's statement of facts is not controverted in this manner, a court may assume that the facts as claimed by the moving party are admitted to exist without controversy.  (*Beard v. Banks,* 548 U.S. 521, 527, 534 (2006).)  "There must be enough doubt for a 'reasonable trier of fact' to find for the plaintiffs in order to defeat the summary judgment motion." (*Corales v. Bennett*, 567 F.3d 554, 562 (9th Cir. 2009).)  Mere allegation, speculation and conclusory statements without factual support are not enough to defeat a motion for summary judgment.  (*Surrell v. California Water Serv. Co.,* 518 F.3d 1097, 1103 (9th Cir. 2008); *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).)  The Court "is not required to comb through the record to find some reason to deny a motion for summary judgment." (*Carmen v. San Francisco Unified Sch. Dist.,* 237 F.3d 1026, 1029 (9th Cir. 2001); *S. Cal. Gas Co. v. City of Santa Ana,* 336 F.3d 885, 889 (9th Cir. 2003).)  Statements in a brief, unsupported by the record, cannot be used to create an issue of fact.  (*Barnes v. Ind. Auto. Dealers,* 64 F.3d 1389, 1396 n.3 (9th Cir.1995); *Anderson v. Marin*, 2012 WL 6697781 (E.D. Cal. 2012).)  The undisputed evidence in this case establishes that plaintiff's action is time barred and cannot be salvaged by any tolling provision.  Summary judgment should be granted in Mally's favor.

### B.   Plaintiff's Action Is Time Barred

Plaintiff's complaint asserts that his civil rights were violated as a result of the use of the K-9 to apprehend him for "fleeing from a crime scene and for running away," and because the officers used excessive force against him during the incident on January 16, 2014.  (See plaintiff's Complaint, ECF

DEFENDANT DENNIS MALLY'S MOTION FOR SUMMARY JUDGMENT (FRCP RULE 56)
*Lee v. Mally, et al.* U.S.D.C. Northern District Case No. 4:18-cv-02109-JSW

Dkt. No. 1, pp. 2-3, 8.) The statute of limitations for plaintiff's personal injury claims is two years. (Cal. Code Civ. Proc §335.1.) Section 1983 does not contain its own statute of limitations; thus federal courts apply the forum state's applicable statutes of limitation to actions brought pursuant to section 1983. (*Wilson v. Garcia*, 471 U.S. 261, 275 (1985), *superseded by statute on other grounds by* 28 U.S.C. §1658(a) *as recognized in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 377–81 (2004); *Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1198 (9th Cir. 2014).) Plaintiff's incident occurred on January 16, 2014, and his action accrued on that date. The two-year statute of limitations thus expired on January 16, 2016. Plaintiff's complaint was not filed until April 6, 2018, and it is untimely unless a tolling provision applies.

State law governs the application of tolling doctrines. Federal courts borrow California's statutory tolling rules to the extent they "are not inconsistent with federal law." (*Azer v. Connell,* 306 F.3d 930, 936 (9th Cir. 2002).) For example, "[i]n California, the statute of limitations for section 1983 actions is tolled by Cal. Govt. Code §945.3 while criminal charges are pending." (*Torres v. City of Santa Ana*, 108 F.3d 224, 226 (9th Cir. 1997).) The tolling provisions of section 945.3 apply only where the misconduct alleged in the complaint is related to the pending charges. (*Id.* at 227.) Government Code section 945.3 provides in relevant part that:

> No person charged by indictment, information, complaint, or other accusatory pleading charging a criminal offense may bring a civil action for money or damages against a peace officer or the public entity employing a peace officer based upon conduct of the peace officer relating to the offense for which the accused is charged, including an act or omission in investigating or reporting the offense or arresting or detaining the accused, while the charges against the accused are pending before a superior court.
>
> Any applicable statute of limitations for filing and prosecuting these actions shall be tolled during the period that the charges are pending before a superior court. (§945.3, emphasis added.)

The Ninth Circuit has held that section 945.3's prohibition against filing suit during the pendency of criminal charges does not apply to section 1983 claims. (*Harding v. Galceran,* 889 F.2d 906, 908 (9th Cir. 1989), prohibition on filing §1983 claims invalid under the Supremacy Clause.) However, "section 945.3's tolling provisions may still apply to toll the limitations period [for §1983 claims] while criminal actions are pending against the potential plaintiff." (*Id.*) Section 945.3 tolling, however, only applies if

5

DEFENDANT DENNIS MALLY'S MOTION FOR SUMMARY JUDGMENT (FRCP RULE 56)
*Lee v. Mally, et al.* U.S.D.C. Northern District Case No. 4:18-cv-02109-JSW

the civil claim "relat[es] to the [criminal] offense for which the accused is charged." (Govt. Code §945.3; *Torres,* 108 F.3d at 227-228.)  Section 945.3 provides that a civil claim is related to criminal charges where the civil cause of action arises from "an act or omission in investigating or reporting the offense or arresting or detaining the accused …"  Plaintiff's complaint here alleges that he was unreasonably bitten by a police K-9 during his arrest after fleeing from a crime scene.  His prosecution was for robbery and the use of a firearm in the commission of the robbery.  Plaintiff was fleeing from officers and Mally who were attempting to detain him as part of the investigation of the earlier robbery when the alleged incident with the K-9 occurred.  The criminal charges against plaintiff thus appear related to his excessive force claim arising out of his arrest for those crimes. (*See Hill v. City of L.A.,* 2009 WL 2601250, at *4 (C.D. Cal. Aug. 21, 2009), finding excessive force claim related to crime for which the accused was arrested, possession of narcotics; *Sterling v City of Antioch,* 2013 WL 2949613, at *4 (N.D. Cal. 2013).)

Even assuming the tolling provisions of Govt. Code section 945.3 applied to plaintiff's excessive force claims, however, his complaint still is untimely, as it was filed beyond the extended deadline.  The incident occurred on January 16, 2014.  Charges against plaintiff were filed on January 21, 2014, and plaintiff pled no contest and was sentenced on January 23, 2015.  Assuming the tolling provisions of section 945.3 apply, the tolling period, therefore, was one year and 2 days.  Accordingly, adding the period of time tolled under Govt. Code section 945.3 – 1 year and 2 days (368 days) – to the 2-year statute of limitations deadline of January 16, 2016, the extended deadline for plaintiff to have filed his action was **January 18, 2017**.  Plaintiff's action filed on April 6, 2018, was filed more than one year after the extended deadline expired, and thus the complaint is untimely.

Further, the tolling provisions of Cal. Code of Civ. Proc. Section 352.1 are unavailing.  Section 352.1 provides in relevant part that:

> (a) If a person entitled to bring an action, mentioned in Chapter 3 (commencing with Section 335), is, **at the time the cause of action accrued, imprisoned on a criminal charge**, **or in execution under the sentence of a criminal court for a term less than for life**, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.
>
> …

6

DEFENDANT DENNIS MALLY'S MOTION FOR SUMMARY JUDGMENT (FRCP RULE 56)
*Lee v. Mally, et al.* U.S.D.C. Northern District Case No. 4:18-cv-02109-JSW

> (c) This section does not apply to an action, other than an action to recover damages or that portion of an action that is for the recovery of damages, relating to the conditions of confinement, including an action brought by that person pursuant to Section 1983 of Title 42 of the United States Code.

Plaintiff was not "imprisoned on a criminal charge or in execution under the sentence of a criminal court" at the time the alleged excessive force occurred; rather, he was fleeing from a crime scene. Plaintiff's excessive force claims also do not relate "to the conditions of confinement." The two-year tolling under section 352.1, therefore, is inapplicable to salvage plaintiff's action. Moreover, even assuming section 352.1 applies, plaintiff's action still is time barred. The 2-year statute of limitations would have expired on plaintiff's action on January 16, 2016, and even adding an additional 2 years under section 352.1, the extended statute of limitations expired on January 16, 2018. Plaintiff's action filed on April 6, 2018, was still beyond the extended January 16, 2018 deadline.

Equitable tolling principles also are inapplicable to avoid the statute of limitations bar. "California allows equitable tolling of the statute of limitations when a plaintiff, 'possessing several legal remedies … reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage,' thereby allowing the statutory period to run. A plaintiff whose ignorance of the statutory period is excusable may file a lawsuit outside that period as long as he causes no prejudice to the defendants by doing so." (*Guerrero v. Gates,* 442 F.3d 697, 706 (9th Cir. 2006); *Fink v. Shedler,* 192 F.3d 911, 916 (9th Cir. 1999), *cert. denied,* 529 U.S 1117 (2000).) "Broadly speaking, equitable tolling under California law applies in cases where 'an injured plaintiff has several possible legal remedies, [but] reasonably and in good faith pursues only one.'" (*Mimms v. Lewis,* Case No. cv-12-10769 DMG(JC), 2016 WL 5329625 at *6 (C.D. Cal 2016), *citing McDonald v. Antelope Valley Cmty. Coll. Dist.,* 45 Cal.4th 88, 99-100 (2008); *Flowers v. Alameda Cnty. Sheriff's Deputy Bixby,* Case No. 12-cv-03181-YGR (PR), 2015 WL 1393582 at *6 (N.D. Cal. 2015); *Calloway v. Rangel,* 626 Fed.Appx. 729, 730 (9th Cir. 2015).)

"Under California law, a plaintiff must meet three conditions to equitably toll a statute of limitations: '(1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith.'" (*Fink*, 192 F.3d 911 at 916.) The party asserting equitable tolling has the burden to establish the three-prong test to show the doctrine applies. (*Mimms,* 2016 WL 5329625

7

at *6, *8; *see also, Kleinhammer v. City of Paso Robles,* 385 Fed. Appx. 642, 643 (9th Cir. 2010), Section 1983 plaintiff has "burden to plead facts which would give rise to equitable tolling"; *Sandoval v. Chino State Prison,* 626 F3d.Appx. 727, 728 (9th Cir. 2015).) Equitable tolling should not be applied where a plaintiff cannot establish every one of the three conditions necessary for equitable tolling. Indeed, as the Supreme Court has noted, "when has it been the law that a criminal defendant or a potential criminal defendant is absolved from all other responsibilities that the law would otherwise place upon him? … Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." (*Wallace v. Kato,* 127 S.Ct. 384, 396 (2007).)

Plaintiff in the instant case cannot demonstrate that he pursued his excessive force claim in any manner until he filed this lawsuit on April 6, 2018. Equitable tolling, therefore, is inapplicable. (*Guerrero*, 442 F.3d at 706.) Plaintiff also did not provide advance notice of his claims to the City of San Leandro or Officer Mally prior to filing this suit, thus Mally had no timely warning of plaintiff's allegations, and allowing this untimely action to proceed would prejudice Mally. (*Id.*; *Pagtalunan v. Galaza,* 291 F.3d 639, 643 (9th Cir. 2002), "Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale.") Plaintiff cannot meet his burden to establish each part of the three-pronged test and equitable tolling is inapplicable.

Plaintiff's action filed on April 6, 2018, nearly four years and 3 months after the incident, is untimely and barred by the statute of limitations. Summary judgment should be granted in favor of Mally and against plaintiff.

### IV. CONCLUSION

For the reasons set forth above and in defendant's supporting papers filed concurrently herewith, defendant Mally respectfully submits that the instant motion for summary judgment should be granted in favor of Mally and against plaintiff.

Dated: January 30, 2019                BERTRAND, FOX, ELLIOT, OSMAN & WENZEL

By:    */s/ Joanne Tran*
       Gregory M. Fox
       Joanne Tran
       Attorneys for Defendant
       DENNIS MALLY

8

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am employed in the County of San Francisco, California; I am over the age of eighteen years and not a party to the within cause; and my business address is 2749 Hyde Street, San Francisco, California 94109.

I am readily familiar with the practice of Bertrand, Fox, Elliot, Osman & Wenzel with respect to the collection and processing of pleadings, discovery documents, motions and all other documents which must be served upon opposing parties or other counsel in litigation. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

On **January 30, 2019**, I served the following document(s):

**DEFENDANT DENNIS MALLY'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT [FRCP Rule 56]**

**[PROPOSED] ORDER GRANTING DEFENDANT DANNY MALLY'S MOTION FOR SUMMARY JUDGMENT**

on the following interested parties:

| | |
|---|---|
| John Henry Lee (CDCR# AW0379 | California Men's Colony |
| California Health Care Facility | John Henry Lee, CDCR# AW0379 |
| P.O. Box 32290 | P.O. Box 8103 |
| Stockton, CA 95213 | San Luis Obispo, CA 93409-8103 |
| *Plaintiff Pro Se* | *Plaintiff Pro Se* |

Said service was performed in the following manner:

(✓) **BY U.S. POSTAL SERVICE (Mail):** I placed each such document in a sealed envelope addressed at noted above, with first-class mail postage thereon fully prepaid, for collection and mailing at San Francisco, California, following the above-stated business practice, on this date.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed **January 30, 2019,** at San Francisco, California.

_____
Renae Gawsawadikul

1

CERTIFICATE OF SERVICE
*Lee v. Mally, et al.* U.S.D.C. Northern District Case No. 4:18-cv-02109-JSW