UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HENRY LEE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DANNY MALLY, et al.,<br><br>　　　　　Defendants. | Case No. 18-cv-02109-JSW<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 15 |

## INTRODUCTION

Plaintiff is an inmate at the California Healthcare Facility in Stockton, California. He filed this pro se civil rights action under 42 U.S.C. § 1983 claiming that Defendants, two employees of the San Leandro Police Department, used excessive force against him during his arrest. Defendants filed a motion for summary judgment on January 30, 2019. Plaintiff warned of the potentially adverse consequences of not opposing the motion and received a time extension to do so until May 30, 2019. Nevertheless, he did not file an opposition. For the reasons explained below, the motion for summary judgment is GRANTED.

## DISCUSSION

**A.   Standard of Review**

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.

The moving party for summary judgment bears the initial burden of identifying those

portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp.v. Cattrett*, 477 U.S. 317, 323 (1986). When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Ibid*.

A district court may not grant a motion for summary judgment solely because, as is the case here, the opposing party has failed to file an opposition. *Cristobal v. Siegel*, 26 F.3d 1488, 1494-95 & n.4 (9th Cir. 1994) (unopposed motion may be granted only after court determines that there are no material issues of fact). The court may, however, grant an unopposed motion for summary judgment if the movant's papers are themselves sufficient to support the motion and do not on their face reveal a genuine issue of material fact. *See Carmen v. San Francisco Unified School District*, 237 F.3d 1026, 1029 (9th Cir. 2001). A verified complaint, such as the complaint filed here, may be used as an opposing affidavit under Rule 56, as long as it is based on personal knowledge and sets forth specific facts admissible in evidence. *See Schroeder v. McDonald*, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995).

**B.     Analysis**

The undisputed facts establish that Plaintiff's claims are barred by the statute of limitations. Section 1983 does not contain its own limitations period, but the appropriate period is that of the forum state's statute of limitations for personal injury torts. *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). Under California law, the applicable limitations period is two years. *See* Cal. Code Civ. P. §§ 335.1, 352.1; *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004) (two-year period in Section 335.1 applies to claims under Section 1983).

Plaintiff claims that defendants injured him by using excessive force against him. Federal law governs accrual of a Section 1983 claim and provides that the claim accrues when the plaintiff knew or had reason to know of the injury that underlies the claim. *Two Rivers*, 174 F.3d at 991. Plaintiff learned about the injuries from defendant's use of force at the time the force was used, i.e. on the day of arrest, January 16, 2014. Accordingly, his excessive force claim accrued and the

statute of limitations began to run on that day.  It expired two years later on January 16, 2016, and the complaint was filed more than two years after that, on April 6, 2018.  Absent tolling, therefore, the complaint is untimely.

The forum state's law governs tolling of the statute of limitations for a claim under Section 1983 brought in federal court.  *Hardin v. Straub*, 490 U.S. 536, 543-44 (1989).  Section 945.3 of the California Government Code provides for tolling while criminal charges are pending, and this tolling provision applies to claims under Section 1983.  *Harding v. Galceran*, 889 F.2d 906, 908 (9th Cir. 1989).  The tolling provision operates from the date the plaintiff was charged until the date of the criminal judgment.  *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995).  Here, Plaintiff was charged on January 21, 2014, for robbery and use of firearm, and the date of his judgment was the date he entered a no-contest plea and was sentenced, January 23, 2015.  Accordingly, under Section 945.3, the limitations period was tolled between those dates.  However, that was not sufficient to render the claims timely.  If the limitations period commenced when the tolling under Section 945.3 ended on January 23, 2015, it expired two years later, on January 23, 2017.  The complaint was not filed until April 6, 2018, more than a year too late.

Under Section 352.1 of the California Code of Civil Procedure, the limitations period may be tolled for two years due to imprisonment.  Cal. Civ. Proc. Code § 352.1(a).  This tolling does not appear to apply to Plaintiff and, if it does, is not sufficient.  *First*, the statute does not appear to apply to Plaintiff's claim:

> If a person entitled to bring an action mentioned in Chapter 3, is, *at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life*, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

Cal. Code Civ. Pro. § 352.1(a) (emphasis added).  As explained above, Plaintiff's excessive force cause of action accrued when the force was used against him because that is when he knew that the force injured him.  At that time, Plaintiff was not "imprisoned on a criminal charge," nor was he "in execution under the sentence of a criminal court."  Rather, he was fleeing arrest and being arrested.  Thus, it does not appear that Section 352.1 applies to his claim.  *Second*, even if it did

3

apply, it would have only tolled the limitations period for two years, which was not enough time to render his complaint timely. Section 352.1 would have tolled the limitations period for two years, from the date Plaintiff's claim accrued on January 16, 2014, until January 16, 2016. At that point, the limitations period would have commenced and then expired after two years later, on January 16, 2018. Under this scenario, the claim was still untimely because Plaintiff did not file his complaint until April 6, 2018, approximately two and a half months after the limitations period expired.

Plaintiff's claim is not rendered timely based upon the tolling provisions of Section 945.3 of the California Government Code or Section 352.1 of the California Code of Civil Procedure. In limited circumstances, equitable tolling and estoppel may apply to the running of the limitations period for claims under Section 1983. There is no argument or indication that such circumstances are present here. *See Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1137-38, 1141 (9th Cir. 2001) (en banc) (California has long limited the equitable tolling doctrine to claims that were raised in a prior proceeding); *Bolt v. United States*, 944 F.2d 603, 609 (9th Cir. 1991) (equitable estoppel requires (1) knowledge of the true facts by the party to be estopped, (2) intent to induce reliance or actions giving rise to a belief in that intent, (3) ignorance of the true facts by the relying party, and (4) detrimental reliance).

Defendants are entitled to summary judgment because the undisputed facts establish that Plaintiff's claims are untimely.

## CONCLUSION

For the reasons set out above, Defendants' motion for summary judgment is GRANTED. The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: September 26, 2019

_____
JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HENRY LEE,<br><br>    Plaintiff,<br><br>v.<br><br>DANNY MALLY, et al.,<br><br>    Defendants. | Case No.  4:18-cv-02109-JSW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 26, 2019, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

John Henry Lee ID: AW0379
California Health Care Facility
P.O. Box 32290
Stockton, CA 95213

Dated: September 26, 2019

Susan Y. Soong
Clerk, United States District Court

By:
Jennifer Ottolini, Deputy Clerk to the
Honorable JEFFREY S. WHITE