UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HENRY LEE,<br><br>    Plaintiff,<br><br>v.<br><br>DANNY MALLY, et al.,<br><br>    Defendants. | Case No. 18-cv-02109-JSW<br><br>**ORDER DENYING MOTION FOR EQUITABLE TOLLING**<br><br>Re: Dkt. No. 22 |

Plaintiff was a California prisoner proceeding pro se when he filed this civil rights action.[1] Defendants' motion for summary judgment on untimeliness grounds was granted on September 16, 2019. Over four years later, on January 25, 2024, Plaintiff filed a motion "for equitable tolling," in which he requests reconsideration of the judgment under Rules 60(b)(1) and 60(d)(2) of the Federal Rules of Civil Procedure. (ECF No. 22.) Defendants have opposed the motion.

Plaintiff is not entitled to relief under Rule 60(b)(1) for several reasons. First, a motion for relief under Rule 60(b)(1) must be made no later than one year after the judgment was entered. *See* Fed. R. Civ. P. 60(b). Plaintiff's motion was made over four years after judgment, and therefore was made over three years after the deadline for obtaining relief under Rule 60(b)(1).

Second, even if timely, relief is not available to him under Rule 60(b)(1). Rule 60(b)(1) provides for relief from judgment on the grounds of mistake, inadvertence, surprise or excusable neglect. Under this rule, "the determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. United States Postal Serv.*, 231 F.3d

---

[1] Plaintiff appears to be out of custody as he has recently filed a notice of change of address to what appears to be a private street address. (ECF No. 23.)

1220, 1223-24 (9th Cir. 2000) (adopting standard to determine excusable neglect as set forth in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993)). The prejudice to defendants is considerable because the events giving rise to Plaintiff's claims are now ten years old, which risks substantial deterioration in witness recollection and availability of evidence, and Plaintiff's lengthy delay in filing this motion means that over four years after obtaining finality, defendants would be required to re-open their defense of Plaintiff's claims.[2] This factor weighs against finding excusable neglect. Plaintiff's delay of over four years after judgment is very long, and the resulting negative impact on the proceedings is consequently substantial. This factor also weighs against finding excusable neglect.

      The other factors also weigh against finding excusable neglect. Plaintiff has not justified his lengthy delay in filing a motion for reconsideration. Plaintiff asserts that he did not know about the order granting his extension of time to oppose summary judgment[3] because the order was mailed to his former prison, not the prison where he was incarcerated at the time. This is Plaintiff's fault because he did not file a notice of his address change, as required by Local Rule 3-11. Plaintiff asserts the Clerk and court should have known his address changed because he included a new address as a return address and in the proof of service when he mailed the motion for an extension of time. The clerk had no way of knowing this was a new permanent address where Plaintiff wanted his mail sent forth henceforth. Prisoners (and non-prisoners) may and frequently do temporarily relocate, and the local rules require litigants are required to file a notice of change of address to communicate to the court that their new address is where the litigants should be mailed court documents. Plaintiff has filed a notice of change of address recently reflecting his now-current address in compliance with Local Rule 3-11; there is no justification for his not having done so when he changed his address previously. In addition to not notifying the

---

[2] These prejudice considerations are implicitly endorsed by Rule 60(b)'s codification of a one-year time limit on Rule 60(b)(1) motions.

[3] Plaintiff did not file an opposition to the motion for summary, but summary judgment was not granted simply because it was unopposed, or by "default" as Plaintiff asserts. As is clear from the order granting summary judgment, summary judgment was granted based upon a review the entire record and an analysis of whether, when the record was liberally construed in Plaintiff's favor, there were any disputed issues of material fact that, if resolved in Plaintiff's favor, would entitle him to review.

2

1    Court of his change of address, Plaintiff has not explained, let alone justified, why he did not

2    inquire as to the status of his motion for more than four years.  It is not entirely clear how much

3    Plaintiff's delay is due to a lack of good faith.  To some extent, the lengthiness of the delay and

4    the lack of explanation for why Plaintiff did not even inquire about his case or his motion for an

5    extension of time suggests a lack of good faith.  The Court concludes that the reason for the delay

6    is a factor that weighs strongly against finding excusable neglect, and the good-faith factor weighs

7    slightly against finding excusable neglect.  In sum, the Court finds no excusable neglect.

8          Plaintiff has also not shown the other grounds for relief under Rule 60(b)(1), namely

9    inadvertence, surprise, or mistake.  Plaintiff does not set forth grounds for finidng inadvertence or

10   surprise, nor are any such grounds apparent from the record.  A judge's legal errors and factual

11   errors are "mistakes" under Rule 60(b)(1).  *Kemp v. United States*, 142 S. Ct. 1856, 1861-62

12   (2022); *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999).

13   Plaintiff has not argued the Court made any factual or legal errors in its summary judgment order.

14   He seeks equitable tolling now, but his motion does not set forth any grounds for equitable tolling

15   that were apparent or present in the record at the time of the court's order.  Moreover, his current

16   argument for equitable tolling fails.  In Section 1983 cases such as the instant case, because federal

17   courts borrow California's statute of limitations, federal courts also also apply California's

18   equitable tolling rules.  *Hatfield v. Halifax PLC*, 564 F.3d 1177, 1185 (9th Cir. 2009).  Under

19   California law, equitable tolling "'reliev[es] plaintiff from the bar of a limitations statute when,

20   possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen

21   the extent of his injuries or damage.'"  *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir.

22   1993) (quoting *Adddison v. California*, 21 Cal. 3d 313, 317 (1978)).  This is appropriate where:

23   "(1) timely notice to the defendant in the first claim; (2) lack of prejudice to the defendant in

24   gathering evidence to defend against the second claim; and (3) good faith and reasonable conduct

25   by the plaintiff in filing the second claim."  *Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d

26   1131, 1137-38 (9th Cir. 2001) (en banc) (citing *Collier v. City of Pasadena*, 142 Cal. App. 3d 917,

27   924 (1983)).  Plaintiff did not give notice of his claims in any proceeding or tribunal prior to the

28   instant action, and he filed the complaint in this case in April 2018, which, for the reasons

1  explained in the order granting summary judgment, fell outside of the limitations period, even
2  with statutory tolling based upon arrest, prosecution, and imprisonment.  Therefore, Plaintiff has
3  not shown he is entitled to equitable tolling, let alone that the Court made any "mistake" of law or
4  fact within the meaning of Rule 60(b)(1).

5  Plaintiff also seeks relief under Rule 60(d)(2).  Rule 60(d)(2) allows for relief under 28
6  U.S.C. § 1655 to a *defendant* who was not personally notified of the action.  *See* Fed. R. Civ. P.
7  60(d)(2) (emphasis added).  This rule does not apply to plaintiffs, nor could it because a plaintiff
8  initiates an action and therefore need not be notified of it.

9  For the foregoing reasons, Plaintiff's motion for equitable tolling is DENIED.

10 This order resolves docket number 22.

11 **IT IS SO ORDERED.**

12 Dated: February 26, 2024

JEFFREY S. WHITE
United States District Judge